UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WENDY RICHARDS | ) | Case Number |
| Plaintiff, | ) | |
| vs. | ) | CIVIL COMPLAINT |
| NATIONAL ENTERPRISE SYSTEMS, INC. d/b/a NES | ) | JURY TRIAL DEMANDED |
| Defendant, | ) | |

COMPLAINT AND JURY DEMAND

**COMES NOW,** Plaintiff, Wendy Richards, by and through her undersigned counsel, Brent F. Vullings, Esq. of Warren & Vullings, LLP, complaining of Defendant and respectfully aver as follows:

I. INTRODUCTORY STATEMENT

1. Plaintiff, Wendy Richards (hereinafter "Plaintiff"), is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## II. JURISDICTION

2. Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

3. Venue in this District is proper in that the Defendant transacts business here and maintains a registered office in this district.

## III. PARTIES

4. Plaintiff, Wendy Richards ("Plaintiff") is an adult natural person residing at 21 North Main Street, Delevan, NY 14042.

5. Defendant, National Enterprise Systems, Inc. d/b/a NES ("Defendant"), at all times relevant hereto, is and was a Corporation engaged in the business of collecting debt within the Commonwealth of Pennsylvania with its principal place of business located at 29125 Solon Road, Solon, OH 44139 and a registered office located at 116 Pine Street, Suite 320, Harrisburg, PA 17101.

6. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV. FACTUAL ALLEGATIONS

7. On or about January 20, 2010 Plaintiff called CareCredit to make a payment to her past due account. An agent at CareCredit informed Plaintiff that her account was

turned over to a collection agency by the name of National Enterprise Systems. The agent also provided Plaintiff with Defendant's contact information.

8. Plaintiff decided it would be a good idea to contact Defendant. Defendants agent, "Bridget", told her she would not accept a payment from Plaintiff unless she paid her past due balance in full immediately by credit card.

9. Plaintiff informed Defendant's agent she pay her bills by money order and does not use credit cards to make payments. Defendant's agent refused to work with Plaintiff and hung up on her.

10. Some time shortly after, Plaintiff called Defendant back for a second time to try to work this out. Plaintiff asked to speak with a supervisor immediately. Defendant's agent transferred Plaintiff to a woman who identified herself as the "supervisor" (no name given).

11. In that same call, Plaintiff told the "supervisor" about the previous phone conversation and explained her situation. Defendant's "supervisor" said she agreed with her agent/co-worker, that, Plaintiff had to pay her balance in full by credit card only and if she did not do so, they were going to turn her account over to an attorney.

12. Plaintiff asked the "supervisor" if she could set up payment arrangements because she could not pay the full amount due. Plaintiff also asked if Defendant could send her something by mail so she could mail them in a portion of her past due balance. "Supervisor" then stated Defendant's do not send out paper invoices and would not give their mailing address.

13. Plaintiff feels as if she has been trying to attempt to work with Defendants to resolve this matter, but they refuse to do so.

14. Plaintiff has never received anything in the mail from Defendant to inform her that her account has been turned over to them nor has Plaintiff ever received a telephone call from Defendant.

29. The Defendant acted in a false, deceptive, misleading and unfair manner by threatening to take action that it could not legally take or did not intend to take for the purpose of coercing Plaintiff to pay the debt.

30. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

31. At all times pertinent hereto, Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

32. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

33. As a result of Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and he will continue to suffer same for an indefinite time in the future, all to his great detriment and loss.

## COUNT ONE – FDCPA.

34. The above paragraphs are hereby incorporated herein by reference.

35. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

36. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of 15 U.S.C. § 1692:

    a. §1692e(5): Defendant's agents threatened Plaintiff with action that was not intended to be taken;

    b. §1692f: Any unfair or unconscionable means to collect or attempt to collect the alleged debt;

    c. §1692g: Failure to send the consumer a 30-day validation notice within five days of initial communication;

**WHEREFORE**, Plaintiff respectfully requests that this court enter judgment in his favor and against Defendant, National Enterprise Systems, Inc. d/b/a NES and Order the following relief:

    a. Declaratory judgment that the Defendant's conduct violated the FDCPA;

    b. Actual damages;

    c. Statutory damages pursuant to 15 U.S.C. §1692k;

      d.      Reasonable attorney's fees and costs of suit pursuant to 15 U.S.C. §1692k; and

      e.      Such addition and further relief as may be appropriate or that the interests of justice require.

## V. JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

                      **Respectfully submitted,**

                      **WARREN & VULLINGS, LLP**

**Date: February 3, 2010**

                      **BY: /s/ Brent F. Vullings**
                      Brent F. Vullings, Esquire
                      Warren & Vullings, LLP
                      1603 Rhawn Street
                      Philadelphia, PA 19111
                      215-745-9800   Fax 215-745-7880
                      Attorney for Plaintiff